NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH MATTHEW JONES,

    Plaintiff,

v.

ROSARIO MARINELLO, et al.,

    Defendants.

Case Number C 05-00426 JF

ORDER[1] GRANTING DEFENDANTS' MOTION TO STRIKE SECOND AMENDED COMPLAINT

[re: docket no. 52]

Defendants Robert McGee ("McGee") and the City of Pacific Grove ("City") move to strike the Second Amended Complaint ("SAC") filed by Joseph Matthew Jones and Alberta Rose Jones. Although Joseph Jones and Alberta Jones have not filed written opposition to the motion, Joseph Jones appeared for oral argument on August 11, 2006.

## I. BACKGROUND

On January 28, 2005, Joseph Jones filed the original complaint in the instant action. He filed a first amended complaint ("FAC") on June 8, 2005, alleging violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, a

---

[1] This disposition is not designated for publication and may not be cited.

pattern and practice of constitutional violations, "illegally motivated misuse of government power," violations of sections 51.7 and 52.1 of the California Civil Code, and various state law torts, including assault, battery, intentional and negligent infliction of emotional distress, and negligence. These claims are alleged variously against McGee, the City, Rosario Marinello, and Carl Miller. On August 4, 2005, this Court issued an Order granting the motion filed by McGee and the City to stay the instant proceedings pending resolution of criminal charges against Jones in state court for battery on a police officer and resisting arrest, which charges stem from the same events giving rise to Jones' claims in the instant case. In the August 4, 2005 Order, the Court also deferred ruling on motions filed by McGee and the City to strike and to dismiss the FAC. During the March 6, 2006 case management conference, the Court lifted the stay in the instant action and directed plaintiffs to file a motion for leave to file an amended complaint and a proposed second amended complaint ("SAC") not later than June 1, 2006.

On June 1, 2006, without filing a motion for leave to file an amended complaint, Joseph Jones filed a SAC that adds as a plaintiff his mother Alberta Jones and as defendants Ryan McGuirk; David Diehl; Brian Wilkins; Andrew Miller of the Pacific Grove Fire Department; Steve Roth; David Dansky; Steve Liner; Bud Landreth; Scott Erdbacher; Susan E. Chapman; Ann. M. Chhokar; Sara Kern Miller; Glen Nolte of the Public Defenders Office County of Monterey; Michale Hogan; David C. Laredo; Mary Tatum of the Monterey County District Attorney's Office; Albert Maldonado and Jose Velasquez of the State of California; United States of America; County of Monterey; unknown agents and officers of the City, county of Monterey, State of California, and the United States of America, and John Doe and Does 1 to 100.

## II. DISCUSSION

McGee and the City move to strike the SAC on the ground that Joseph Jones did not seek leave of the court to file an amended complaint. Federal Rule of Civil Procedure 15(a) requires that Joseph Jones must seek leave of the Court in order to file an amended complaint at this time:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial

calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  "On occasion, a party's failure to comply with the requirements of Rule 15(a) will prompt courts to strike amended pleadings—or to ignore them outright." *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 517 (N.D. Cal. 2004).  When courts have "accepted untimely amended pleadings," it is often "when 'leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.'" *Id.* (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1484, at 601-02 (2d ed.)).  In the instant action, it is far from clear that leave to amend would have been granted if it had been sought or that no party would be prejudiced by allowing the amendment.  Moreover, this Court has advised Joseph Jones during several Case Management Conferences that he must file a motion for leave to amend the complaint. Accordingly, the Court will strike the SAC without prejudice to Joseph Jones filing a properly noticed motion for leave to file an amended complaint.

### III.  ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the SAC is stricken without prejudice to Joseph Jones filing a properly noticed motion for leave to file an amended complaint.  He may file a motion for leave to file an amended complaint not later than fifteen (15) days after the service of this Order, and the Court will consider the SAC filed on June 1, 2006 as a proposed amended complaint.

DATED: August 11, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-00426 JF
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SECOND AMENDED COMPLAINT
(JFLC1)

1  This Order has been served upon the following persons:

2  David W. Balch & Jon R. Giffen
Kennedy Archer & Harray
3  24591 Silver Cloud Court
Suite 200
4  Monterey, CA 93940

5  Jeffrey I Bedell
Kennedy Archer & Harray Attorneys at Law
6  Suite 200
24591 Silver Cloud Court
7  Monterey, CA 93940-5302

8  Joseph Matthew Jones & Alberta Rose Jones
1144 Tangerine Way
9  Sunnyvale, CA 94087

10  Rosario Marinello
60 Stephanie Drive Apt #B202
11  Salinas, CA 93901

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 05-00426 JF
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SECOND AMENDED COMPLAINT
(JFLC1)