**Original Filed 3/26/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH MATTHEW JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>ROSARIO MARINELLO, et al.,<br><br>        Defendants. | Case Number C 05-00426 JF<br><br>ORDER[1] DENYING REQUEST FOR EXTENSION OF TIME<br><br>[re: docket no. 95] |

Plaintiff Joseph Jones, proceeding *pro se*, seeks an extension of the time previously set by the Court for filing a proposed amended complaint and supporting motion. For the reasons discussed below, the request for an extension of time will be denied.

**I. BACKGROUND**

Plaintiff filed the original complaint in the instant action on January 28, 2005. He filed a first amended complaint ("FAC") on June 8, 2005, alleging violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, a pattern and practice of constitutional violations, "illegally motivated misuse of government power,"

---

[1] This disposition is not designated for publication and may not be cited.

violations of sections 51.7 and 52.1 of the California Civil Code, and various state law torts, including assault, battery, intentional and negligent infliction of emotional distress, and negligence. On August 4, 2005, this Court issued an order staying the instant proceedings pending resolution of state criminal charges against Plaintiff arising from the same events that form the basis of Plaintiff's claims in the instant case. In the August 4, 2005 order, the Court also deferred ruling on motions to strike and to dismiss the FAC. At a case management conference on March 6, 2006, the Court lifted the stay and directed Plaintiff to file a proposed second amended complaint ("SAC") and a motion in support thereof not later than June 1, 2006.

On June 1, 2006, without filing a supporting motion as directed by the Court, Plaintiff filed a proposed SAC that added his mother Alberta Jones as a plaintiff and also numerous named and unnamed defendants. On August 11, 2006, the Court struck the SAC without prejudice to a properly-noticed motion for leave to file the proposed pleading. Plaintiff filed the motion on August 25, 2006, and the Court denied the motion on November 14, 2006. The Court concluded that a substantial portion of the proposed complaint was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court also concluded that the proposed complaint failed to allege sufficient facts to support the claims not barred by *Heck*. The Court once again denied the motion without prejudice and directed that any renewed motion for leave to amend be filed not later than December 20, 2006.

On November 17, 2006, Plaintiff moved to stay the instant proceedings during the pendency of his appeal of his criminal conviction in state court. On December 22, 2006, the Court took the motion under submission without oral argument and established a briefing schedule for any renewed motion for leave to amend in the event that it were to deny the motion to stay. The Court advised Plaintiff that failure to abide by this schedule might lead to dismissal of this action. On January 22, 2007, the Court denied the motion to stay and again advised Plainitff that pursuant to the briefing schedule, he was required to file any renewed motion to amend his complaint by February 9, 2007. The Court also reminded Plaintiff again that failure to abide by this schedule might lead to dismissal of this action.

On February 8, 2007, Plaintiff moved to extend the February 9, 2007 deadline on the

basis that illness had prevented him from preparing a renewed motion to amend his complaint. On February 16, 2007, over Defendants's objection, the Court extended that deadline to March 2, 2007. On March 2, 2007, Plaintiff filed the instant motion to extend the deadline by another thirty days. No opposition has been filed. The Court concludes that this motion is appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b).

## II.  LEGAL STANDARD

A district court has authority to dismiss a plaintiff's action because of failure to prosecute or failure to comply with court orders. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with court orders).

## III. DISCUSSION

Plaintiff has not succeeded in filing an operative complaint in this action since the stay on proceedings was lifted on March 6, 2006. The Court has advised Plaintiff repeatedly that failure to abide by the Court-ordered schedule may lead to dismissal of the action. Plaintiff now moves for an extension on the basis of illness. Plaintiff provides a photocopy of a doctor's note indicating that he was seen for tonsilitis in the emergency room of Barton Memorial Hospital, South Lake Tahoe, California, on February 10, 2007. The doctor requests: "Please excuse from work 2/10, 2/11, 2/12/07." The Court concludes this evidence is insufficient to support yet another extension of time.

The record reflects that Plaintiff repeatedly has been unable or unwilling to comply with the Court's orders. Defendants have been exposed to significant expense in defending this action to date and additional extensions of time only will increase such expense. It is evident that Plaintiff believes that the success of his action depends upon the success of his appeal of his conviction and the lifting of any bar that *Heck v. Humphrey* may pose to his recovery of damages from the defendants. If that is the case, the action should be dismissed without prejudice to refiling upon the success of his appeal of his conviction in state court.

Prior to dismissing an action on its own motion, the Court is required to notify a *pro se* litigant of the basis for dismissal and warn the litigant that dismissal is imminent. *Ferdik*, 963 F.2d at 1261. Dismissal of this action is imminent. Accordingly, Plaintiff will be granted an opportunity to show cause why the action should not be dismissed for failure to comply with the Court's order. Plaintiff may file a response to this order, not to exceed five pages, on or before April 6, 2007. Defendants may file a reply, also not to exceed five pages, on or before April 11, 2007. The Court will then take the matter under submission without oral argument.[2]

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for an extension is DENIED.

DATED: March 26, 2007.

JEREMY FOGEL
United States District Judge

---

[2] Plaintiff may submit (but not file) a proposed motion and a proposed amended complaint along with his response to this order. The Court will assess the adequacy of any such paper in deciding whether to dismiss the instant action.

4

1 This Order has been served upon the following persons:

2 David W. Balch      dbalch@kahlaw.net,

3 Jon R. Giffen      jgiffen@kahlaw.net, jmaycock@kahlaw.net; dbalch@kahlaw.net

4 Notice will be delivered by other means to:

5 Jeffrey I Bedell
Kennedy Archer & Harray Attorneys at Law
6 24591 Silver Cloud Court
Suite 200
7 Monterey, CA 93940-5302

8 Alberta Rose Jones
1144 Tangerine Way
9 Sunnyvale, CA 94087

10 Joseph Matthew Jones
1144 Tangerine Way
11 Sunnyvale, CA 94087

12 Rosario Marinello
2266 South Main Street
13 Apt 165
Salinas, CA 93906

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 05-00426 JF
ORDER DENYING REQUEST FOR EXTENSION OF TIME
(JFLC1)