**Original Filed 4/16/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSEPH MATTHEW JONES,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROSARIO MARINELLO, et al.,<br><br>　　　　　　Defendants. | Case Number C 05-00426 JF<br><br>ORDER[1] DISMISSING ACTION<br>WITHOUT PREJUDICE<br><br>[re: docket no. 99] |

　　　On March 26, 2007, the Court issued an order instructing Plaintiff Joseph Jones that dismissal of his action was imminent and ordering him to show cause why the action should not be dismissed for lack of prosecution and failure to comply with previous orders ("March 26th Order").  Having considered the submissions of Plaintiff and the Defendants, the Court concludes that the action should be dismissed without prejudice.

**I. BACKGROUND**

　　　Plaintiff filed the original complaint in the instant action on January 28, 2005.  He filed a first amended complaint ("FAC") on June 8, 2005, alleging violations of his rights under the

---

[1] This disposition is not designated for publication and may not be cited.

1  Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, a pattern

2  and practice of constitutional violations, "illegally motivated misuse of government power,"

3  violations of sections 51.7 and 52.1 of the California Civil Code, and various state law torts,

4  including assault, battery, intentional and negligent infliction of emotional distress, and

5  negligence.  On August 4, 2005, this Court issued an order staying the instant proceedings

6  pending resolution of state criminal charges against Plaintiff arising from the same events that

7  form the basis of Plaintiff's claims in the instant case.  In that order, the Court also deferred

8  ruling on Defendants' motions to strike and to dismiss the FAC.  At a case management

9  conference on March 6, 2006, the Court lifted the stay and directed Plaintiff to file a proposed

10 second amended complaint ("SAC") and a motion in support thereof not later than June 1, 2006.

11        On June 1, 2006, without filing a supporting motion as directed by the Court, Plaintiff

12 filed a proposed SAC that added his mother Alberta Jones as a plaintiff and also added numerous

13 new defendants.  On August 11, 2006, the Court struck the SAC without prejudice to a properly-

14 noticed motion for leave to file the proposed pleading.  Plaintiff filed the motion on August 25,

15 2006, and the Court denied it on November 14, 2006.  The Court concluded that a substantial

16 portion of the proposed complaint was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The

17 Court also concluded that the proposed complaint failed to allege sufficient facts to support

18 claims not barred by *Heck.*  The Court directed that any renewed motion for leave to amend be

19 filed not later than December 20, 2006.

20        On November 17, 2006, Plaintiff moved to stay the instant proceedings during the

21 pendency of his appeal of his criminal conviction in state court.  On December 22, 2006, the

22 Court took the motion under submission without oral argument and established a briefing

23 schedule for any renewed motion for leave to amend in the event that it were to deny the motion

24 to stay.  The Court advised Plaintiff that failure to abide by this schedule might lead to dismissal

25 of this action.  On January 22, 2007, the Court denied the motion to stay and again advised

26 Plaintiff that pursuant to the briefing schedule, he was required to file any renewed motion to

27 amend his complaint by February 9, 2007.  The Court also reminded Plaintiff again that failure to

28 abide by this schedule might lead to dismissal of this action.

2

On February 8, 2007, Plaintiff moved to extend the February 9, 2007 deadline on the basis that illness had prevented him from preparing a renewed motion to amend his complaint. On February 16, 2007, over Defendants' objection, the Court extended that deadline to March 2, 2007.  On March 2, 2007, Plaintiff moved to extend the deadline again by another thirty days. No opposition was filed.  The Court concluded that this motion was appropriate for resolution without oral argument.  *See* Civ. L.R. 7-1(b).  On March 26, 2007, the Court denied the motion for a further extension and instructed Plaintiff that dismissal of the action for failure to prosecute or to comply with the Court's orders was imminent.  The Court granted Plaintiff an opportunity to show cause why the action should not be dismissed and stated that it would consider any proposed complaint submitted prior to the deadline stated in the order.  On April 6, 2007, Plaintiff responded to the Court's order but did not submit a proposed amended complaint.  On April 10, 2007, Defendants Robert McGee and the City of Pacific Grove responded to Plaintiff's submission.  On April 13, 2007, Plaintiff submitted further argument in response to Defendants' submission.

## II.  LEGAL STANDARD

A district court has authority to dismiss a plaintiff's action because of failure to prosecute or failure to comply with court orders.  Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).  In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with court orders).

3

### III. DISCUSSION

Having considered the five relevant factors articulated by the Ninth Circuit, the Court concludes that dismissal of the instant action is appropriate.  The public's interest in the expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of dismissal.  There has been extensive litigation in this case despite the fact that Plaintiff has not succeeded in filing an operative complaint since the stay on proceedings was lifted on March 6, 2006.  Resolution of the action has been unreasonably delayed by Plaintiff, and its continuation would prejudice defendants as they have "been required to expend significant sums in defending this action," Defendants' Response 2, and will continue to have to do so if the Court does not order a dismissal.  The policy favoring dismissal on the merits provides little support for allowing the action to continue, as it appears highly probable that Plaintiff's claims either will be barred by *Heck v. Humphrey* or will be found insufficient to survive a motion under Fed. R. Civ. P. 12(b)(6).  Finally, having provided the Plaintiff with numerous extensions of time and other accommodations on the basis of his *pro se* status, the Court concludes that less drastic measures would be neither productive nor appropriate.

Plaintiff's response to the order to show cause does not address the concerns identified by the Court in the March 26th Order.[2]  Plaintiff does not dispute the Court's statement that it is "evident that Plaintiff believes that the success of his action depends upon the success of his appeal of his conviction and the lifting of any bar that *Heck v. Humphrey* may pose to his recovery of damages from the defendants."  March 26th Order 4.  While Plaintiff produces further doctors's notes asserting that he has been ill, these notes do not establish that he could not have complied with the Court's orders and prosecuted this action.  Plaintiff's numerous filings

---

[2]   The response is styled as a "Motion for Reconsideration of an Extension of Time to File Second Amended Complaint."  That motion states a hearing date of May 25, 2007, in an apparent attempt to delay dismissal for another month and a half.  Plaintiff seeks to extend the deadline for filing an amended complaint to May 4, 2007.  The documents filed by Plaintiff on April 13, 2007 reply to what Plaintiff construes as Defendants' opposition to this motion.

4

1  during the period of his illness suggest that he had the ability to draft legal documents.[3]  The

2  doctors's notes assert only that Plaintiff cannot work, and they also appear to be inconsistent.  On

3  January 30, 2007, Dr. Lawrence Hooper, of Sunnyvale, CA, stated that Defendant would be

4  totally incapacitated until March 20, 2007, while an unidentified doctor, apparently in South

5  Lake Tahoe, CA, stated on February 10, 2007, that Plaintiff should be excused from work for

6  only three days due to tonsilitis.  Moreover, if Plaintiff was totally incapacitated until March 27,

7  2007, he still had more than a week to complete an amended complaint before the April 6, 2007

8  deadline established by the March 26th Order.  Accordingly, the Court concludes that the action

9  should be dismissed without prejudice to re-filing in the event that Plaintiff prevails on his appeal

10  of the underlying criminal conviction.

## IV. ORDER

12      Good cause therefor appearing, IT IS HEREBY ORDERED that the action is

13  DISMISSED without prejudice to re-filing in the event that Plaintiff prevails on his appeal in

14  state court.  To the extent that the Plaintiff seeks reconsideration of the Court's prior orders, such

15  request is DENIED.

17  DATED: April 16, 2007.

_____
JEREMY FOGEL
United States District Judge

---

27     [3] Since Plaintiff is proceeding *pro se*, the Court assumes that he himself drafted the
documents.  A troubling alternative explanation is that Plaintiff may be receiving legal assistance
28  from a person who is not authorized to practice law.  *See* Cal. Bus. & Prof. Code §§ 6125-26.

5

1  This Order has been served upon the following persons:

2  David W. Balch                dbalch@kahlaw.net,

3  Jon R. Giffen                jgiffen@kahlaw.net, jmaycock@kahlaw.net; dbalch@kahlaw.net

4  Notice will be delivered by other means to:

5  Jeffrey I Bedell
   Kennedy Archer & Harray Attorneys at Law
6  24591 Silver Cloud Court
   Suite 200
7  Monterey, CA 93940-5302

8  Alberta Rose Jones
   1144 Tangerine Way
9  Sunnyvale, CA 94087

10 Joseph Matthew Jones
   1144 Tangerine Way
11 Sunnyvale, CA 94087

12 Rosario Marinello
   266 Reservation Road F-232
13 Marina, CA 93933

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-00426 JF
ORDER DISMISSING ACTION WITHOUT PREJUDICE
(JFLC1)